IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

IKENO JUAN COLBY CAMPBELL,　　　§
　　　　　　　　　　　　　　　　§
　　　　　　　　Petitioner,　　　　§
　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　§　　　　　　2:10-CV-271
　　　　　　　　　　　　　　　　§
RICK THALER,　　　　　　　　　§
Director, Texas Dep't of Criminal Justice,　§
Correctional Institutions Division,　　　§
　　　　　　　　　　　　　　　　§
　　　　　　　　Respondent.　　　§

## REPORT AND RECOMMENDATION TO
## DENY MOTION TO DISMISS AS TIME-BARRED

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Respondent has filed a Motion to Dismiss the petition as time barred. For the reasons set forth below, it is the undersigned's opinion the Motion to Dismiss should be DENIED.

I.
PROCEDURAL HISTORY

On January 28, 2009, Petitioner pled guilty to delivery of a controlled substance in a drug-free zone in violation of section 481.134(d)(1) of the Texas Health and Safety Code. He was sentenced to serve ten years' incarceration on the conviction. Petitioner did not directly appeal the judgment. On April 23, 2009, Petitioner filed a state habeas corpus application in the trial court. On August 25, 2010, after being remanded for an evidentiary hearing, the Texas Court of Criminal Appeals denied Petitioner's application without written order. Petitioner's federal habeas corpus application, filed November 16, 2010, followed.

## II.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. Detail of the law established by the subsection is not necessary for the purpose of this Report and Recommendation. The pertinent provision of the subsection is that the one-year limitation period begins running on the day the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). In Texas, an uncontested conviction becomes final thirty days after entry of judgment. Tex. R. App. P. 26.2(a) (Vernon 2003). The time during which a properly filed state habeas corpus application is pending tolls the limitations period. 28 U.S.C. § 2244(d)(2).

In the Motion to Dismiss, Respondent contends the petition is time barred. Respondent's contention, however, appears to be based on a miscalculation. Petitioner pled guilty on January 28, 2009. Thirty days after January 28, 2009 was February 27, 2009. *See* Tex. R. App. P. 26.2(a).[1] Petitioner allowed 55 days to pass before filing his state habeas corpus application, which was received at the trial court on April 23, 2009. The state courts did not make a determination on the application for over a year, during which time the AEDPA statute of limitations was tolled. The Court of Criminal Appeals disposed of the case on August 24, 2010. Petitioner waited 83 days before filing his federal habeas corpus petition on November 16, 2010. Therefore, for AEDPA purposes, only a total of 138 days were counted toward the one-year limitations period. Clearly, the petition was timely filed.

---

[1] Respondent contends that because it was a guilty plea case, Petitioner's conviction was final on the day judgment was issued. The Court need not address the merits of this position because the habeas corpus petition is timely under both the method of counting from the day judgment issued and counting from thirty days after the day judgment issued.

In the Motion to Dismiss, Respondent states "Campbell's state writ, filed on April 23, 2009 and denied on August 25, 2010 tolled the limitations period for 124 days." (Respondent Thaler's Motion to Dismiss as Time-Barred with Brief in Support, doc. 14, filed Mar. 30, 2011, pg. 6). This is a factually incorrect statement. The time between April 23, 2009 and August 25, 200**9** is, indeed 124 days; but the time between April 23, 2009 and August 25, 2010, which is when the Court of Criminal Appeals disposed of the case, is 489 days. If the state habeas corpus process tolled the AEDPA statute of limitations for only 124 days, Respondent's argument would be correct. The state process tolled the statute, however, for 489 days. Under the correct time calculations, the instant petition is timely filed.

As set forth above, the instant petition is not time barred. Therefore, it is the RECOMMENDATION of the undersigned United States Magistrate Judge that respondent's Motion to Dismiss be DENIED.

III.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of April, 2011.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).