IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IKENO JUAN COLBY CAMPBELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0271 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR WRIT OF HABEAS CORPUS**

Came for consideration the Petition for Writ of Habeas Corpus filed by petitioner IKENO JUAN COLBY CAMPBELL. Although the Texas laws regarding sentencing appear to have been improperly applied in this case, petitioner has not shown that any errors or deficiencies which were committed during the state court proceedings entitle him to federal habeas corpus relief. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that the petition be DENIED.

I.
STATE COURT CONVICTIONS AND PROCEDURAL HISTORY

On July 19, 2007 petitioner was indicted in the 108th District Court in cause number 55,326-E for the state jail felony of possession of methamphetamine. Petitioner entered a guilty plea and the court placed petitioner on a three-year deferred adjudication community supervision. On June 12, 2008, while serving his community supervision sentence, petitioner

was indicted in cause number 57,546-E for felony possession with intent to deliver cocaine. Then, on November 19, 2008 petitioner was indicted in cause number 58,707-E for felony delivery of cocaine in a drug-free zone occuring on or about July 24, 2008, and was indicted in cause number 58,706-C for felony delivery of cocaine occuring on or about August 1, 2008.

The state filed a Second Amended Motion to Proceed With Adjudication of Guilt On Original Charge on petitioner's 2007 deferred adjudication. Petitioner agreed to a plea bargain whereby he entered a plea of true to the state's motion to adjudicate and pled guilty to all of the other charges. In exchange, the state agreed to recommend a two-year sentence and a $1,000.00 fine for the deferred adjudication revocation and to recomend two eleven-year sentences and two $500.00 fines in cause numbers 57,546 and 58,706, both of which were to run concurrently with each other and the revocation sentence. In cause number 58,707, delivery of a controlled substance in a drug-free zone, the state agreed to recommend a ten year sentence with a $500.00 fine, but such sentence was to run consecutively to the other three sentences. During the guilty plea hearing the prosecutor, after describing the recommended sentences to the judge, said, "In Cause Number 58,707-E, the State is recommending ten years confinement in TDCJ. Since that is a drug-free zone and he pled true to that allegation, that shall run consecutive to the offense - - to the sentence, excuse me, in 57,546-E." Petitioner then entered a guilty plea and the trial court accepted the state's recommendations.

As the trial court proceeded to pronounce the sentences, however, the judge read out the above-described punishments, except the judge said: "I order that all sentences shall run concurrently and I remand you to the Sheriff of Potter County to serve your sentence." At that point prosecutor interrupted, stating: "Your Honor, I need to correct you. On 57 - - 58,707,

that's a drug-free zone, and that sentence *must run* consecutive [sic]." (emphasis added). The judge then restated the sentences, but this time announced that the ten year sentence would run consecutively.

Petitioner did not take a direct appeal and did not file a petition for discretionary review.

On June 1, 2009 petitioner filed an Application for Writ of Habeas Corpus with the Texas Court of Criminal Appeals. In three grounds, petitioner challenged (1) the trial court's stacking of the sentences, claiming that the trial court based its stacking on a misapplication of Texas Health and Science Code section 481.132; (2) the trial court's stacking of the sentences based on a similar misapplication of Texas Health and Science Code section 481.134(d)(1); and (3) the effectiveness of his trial counsel. On September 16, 2009, the Court of Criminal Appeals remanded the case to the trial court and ordered the trial court to obtain an affidavit from petitioner's trial counsel regarding (1) "[his] belie[f] that the cumulation order in this case was proper and if so why; (2) whether counsel had a strategic reason for not objecting to [the] cumulation order and, if so, [to] detail such reason; (3) whether counsel advised [petitioner] to accept the State's plea bargain offer in this cause and, if so, why; and (4) whether the State informed counsel that it would seek greater punishment in another cause if [petitioner] rejected the plea bargain offer in this cause." The trial court was to also make findings of fact regarding the performance of petitioner's trial counsel and whether his representation was deficient. If the court determined counsel's representation was deficient the court was to determine whether counsel's performance prejudiced petitioner.

Trial counsel filed an affidavit in the state habeas matter in which he stated, "It was my belief that consecutive sentences were required because of a drug free zone violation. During the

plea the court began to pronounce the sentences concurrently. The Assistant District Attorney told the court that consecutive sentences were required and I agreed.[1] If consecutive sentences are not required then I advised Mr. Campbell incorrectly." The prosecutor who tried the case also filed an affidavit in which he explained that (1) the consecutive sentencing was a product of plea bargaining, (2) if petitioner had rejected the plea bargain the prosecutor would have sought a separate hearing on the deferred adjudication and separate trials on each charge, and (3) his belief that trying the causes separately would mandate consecutive sentencing on all charges. He also stated he informed petitioner's trial counsel of the *Williams*[2] decision and his belief that the *Williams* decision would have been inapplicable because of the possibility of trying each of petitioner's cases separately.

    The trial court then made the following findings of fact and conclusions of law:

(1)    Petitioner's trial counsel believed the cumulation order was proper because the State would demand a separate hearing in each of petitioner's pending cases, which would mandate consecutive sentences.

(2)    Petitioner's attorney had a strategic reason for not objecting to the cumulation order, to-wit: to avoid petitioner receiving a greater sentence than that offered by the State in the plea bargain agreement.

(3)    Petitioner's trial attorney advised petitioner to accept the State's plea bargain agreement.

(4)    The State informed petitioner's counsel that it would seek greater punishment in

---

[1] The transcript of the pleading includes no record of trial counsel verbally agreeing with the district attorney during sentencing, though he may have done so in plea bargain negotiations.

[2] The *Williams* decision explains when courts are to apply concurrent versus consecutive sentences when defendants who are accused of certain controlled substance crimes are tried for multiple offenses.

> another cause if petitioner rejected the plea bargain offer in this cause.
>
> (5) The Court was of the opinion that the performance of the petitioner's trial attorney was not deficient.

On August 25, 2010 the Court of Criminal Appeals adopted the trial court's findings of fact, except for finding of fact number one, and denied relief to petitioner.

Petitioner's federal writ of habeas corpus was filed of record on November 16, 2010.[3] On March 30, 2011 the Attorney General filed a Motion to Dismiss as Time Barred. On April 4, 2011 the undersigned issued a report and recommendation recommending denial of the motion to dismiss because the State's belief that the habeas petition was time barred was based on a miscalculation of the number of days that had elapsed since the judgment became final. An order for respondent to answer on the merits was entered that same day. On April 18, 2011 the State filed their response and on April 19, 2011, the motion to dismiss was denied.

## II.
## PETITIONER'S CLAIMS

Petitioner's claims focus on the issue of whether petitioner's sentence cumulation was proper. The Court has liberally construed petitioner's claims as:

1. Petitioner was denied due process and equal protection under the law because the Texas Health and Safety Code was improperly applied; and

2. Trial counsel was ineffective because he improperly advised petitioner as to the applicability of Texas Health and Safety Code section 481.134(h).

## III.
## AEDPA

---

[3] Petitioner neither attested to the date he placed the petition in the prison mailing system nor dated the letter to the clerk he included with the application.

This federal petition was filed after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, the provisions of the AEDPA apply to this case.

## IV.
## Exhaustion

As an initial matter, the state raises the issue of exhaustion. The State argues that because petitioner did not raise the issues of due process and equal protection at the state level, petitioner has failed to fully exhaust his state remedies, and thus, petitioner's first claim is improperly presented.

Federal habeas corpus relief in § 2254 actions will not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b). To have exhausted state remedies, a habeas petitioner must have fairly presented to the highest state court the substance of each federal constitutional claim. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

In the State of Texas, the Court of Criminal Appeals is the highest court with jurisdiction to review a petitioner's confinement. Claims may be presented to that court through an application for a writ of habeas corpus or on direct appeal by a petition for discretionary review. TEX. CODE CRIM. PROC. ANN. art. 11.01 et seq (West 2008). A petitioner need not file both a state application for habeas corpus relief and a petition for discretionary review to exhaust claims for federal habeas review, but a petitioner must have presented the claims in a proceeding in which the merits of the claims would be considered by the state's highest court. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

In this case petitioner did not take a direct appeal and did not file a petition for

discretionary review. Petitioner did, however, file a state writ of habeas corpus. As such, petitioner would have fully exhausted his state court remedies if he "fairly presented the substance of each federal constitutional claim" to the Court of Criminal Appeals. *Nobles*, 127 F.3d at 420. In order for the claim to be considered "fairly presented," the Supreme Court has held the petitioner must present the state court with "the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971). While it is not necessary to recite "book and verse" at the state level the constitutional claim the petitioner is bringing in federal court, the federal claim must be "the substantial equivalent" of the claim brought in state court. *Id.* at 278. It is not enough that all the facts necessary to support the federal claim were before the state court. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 277, 74 L. Ed. 2d 3 (1982). Where a petitioner raises an issue that is entirely dependent on an interpretation of state law, a state habeas court is not apprised of the possibility that such a claim may also present a federal constitutional issue. *See Duncan v. Henry*, 513 U.S. 364, 366, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (holding where petitioner raises only an issue of state evidentiary law, petitioner has not fairly presented a claim that the evidentiary violation is also a violation of due process of law under the fourteenth amendment).

In his state habeas proceeding, petitioner challenged only the proper interpretation of state statutory law and the application of that law to his particular case. In the first ground raised in the state habeas proceeding petitioner averred that "the trial judge's authority was confined to concurrent sentencing provisions." SHCR 2372694 at 8. In the "Facts Supporting" section and in his "Memorandum" section in support of his first ground petitioner references only chapter 481 of the Health and Safety Code and a Texas Court of Criminal Appeals case interpreting the

application of that chapter. *Id.* at 8, 15. In his second ground petitioner raises roughly the same challenge: "The trial judge's authority was confined to sentencing appellant under H. & S. C. § 481.134(d)(1)." *Id.* at 9. Likewise, his "Facts Supporting" section and "Memorandum" section in support of his second ground only make reference to state law provisions and authority supporting his claim that the judge misapplied state law. *Id.* at 9, 16. The only issue fairly presented here was an issue of statutory interpretation of a state law.

Where a petitioner only raised state law grounds in his state habeas proceeding, petitioner has not adequately exhausted his state law remedies as to possible federal constitutional claims. *See Duncan*, 513 U.S. at 366, 115 S. Ct. at 888. Petitioner Campbell did not raise the issue of denial of due process or equal protection as a federal constitutional claim before the state habeas tribunal or present anything that could be interpreted as raising such an issue. Because petitioner did not raise due process or equal protection claims in his state habeas corpus proceeding, petitioner has not exhausted his state law remedies. Petitioner's first ground should be dismissed as unexhausted.

V
Due Process and Equal Protection

Alternatively, even if petitioner had exhausted his state law remedies, petitioner's first ground would still be denied.

The state trial court, on habeas remand, made the findings of fact listed in section I above. The Texas Court of Criminal Appeals, without discussion, adopted these findings, except for finding of fact number one and "denied" petitioner's request for relief.

Under 28 U.S.C. § 2254(d), a federal writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was

adjudicated on the merits in state court proceedings unless the prior adjudication:

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision adjudicated on the merits in state court and based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden to rebut the presumption of correctness by clear and convincing evidence. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application, it is an adjudication on the merits, which is entitled to the presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim."); *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (recognizing this Texas state writ jurisprudence).

      The state habeas court did not specifically address the issue of the proper cumulation of petitioner's sentences but did deny petitioner's claim of state law error. This was a determination of a state law issue by the state court and it does not appear this federal court can, under the AEDPA, reach this issue since it concerns only a question of the application of the

Texas Code of Criminal Procedure, a state law. Certainly, there has been no showing the state habeas court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.

A federal habeas court grants relief when the petitioner is held "in custody pursuant to the judgment of a State court on the ground that he is in custody *in violation of the Constitution* or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). A federal habeas court asks only whether a federal constitutional violation infected the trial. *Herrera v. Collins*, 506 U.S. 390, 400, 113 S. Ct. 853, 860, 122 L. Ed. 2d 203 (1993). Whether sentences are properly ordered to run concurrently or consecutively is a matter of state law and procedure. Consequently, if petitioner's allegation is merely a claim of state law error, such a claim, even if not true, is not cognizable on federal habeas review. *See Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

It could be argued that under some circumstances a state law error might constitute an independent basis for federal habeas relief if the error was so egregious or prejudicial as to amount to a federal constitutional violation such as a denial of due process or equal protection. This Court will therefore first consider whether a state law error occurred and, if it did, whether such error rendered petitioner's entire prosecution and sentence fundamentally unfair. The first question, then, is whether the state trial court's cumulation order that petitioner's 10-year sentence run consecutively to his concurrent two 11-year sentences and one 2-year sentence was improper under Texas law.

## CUMULATION ORDER[4]

Section 481.134 of the Texas Health and Safety Code defines "drug-free zones" and provides for enhanced penalties for offenses committed within such zones. Subsection (h) of that section provided:

> Punishment that is increased for a conviction for an offense listed under this section [multiple criminal offenses listed under subsections (b), (c), (d), (e) and (f)] may <u>not</u> run concurrently with punishment for a conviction under any *other* criminal statute [criminal statutes not within the above-listed subsections of 481.134].

(emphasis added). Here, petitioner's community supervision was revoked following a plea of true to a former violation under Health and Safety Code section 481.116(b), and he pleaded guilty to violations of 481.112(d), 481.112(c), and 481.134(d).[5] All convictions were for offenses listed under chapter 481. Petitioner did *not*, however, have a conviction under any *other* criminal statute and, thus, did *not* receive a punishment for a conviction under any *other* criminal statute as required for stacking to be mandatory. *See Williams v. State*, 253 S.W.3d 673, 678 (Tex. Crim. App. 2008) (holding 481.134(h) only requires consecutive sentencing where a drug-free zone conviction is combined with a sentence under a different criminal *statute*, e.g. a conviction for theft, and would not require consecutive sentences for multiple convictions

---

[4] It appears the law emerging in the wake of the *Williams* decision as it relates to plea bargains is still unsettled. *Compare Thomas v. State*, 05-12-00392-CR, 2013 WL 1277885 (Tex. App.–Dallas Mar. 1, 2013, no pet.) (modifying trial court judgment to run concurrently following guilty plea) *with Ex parte Campbell*, WR-72,120-01, 2010 WL 3430851 (Tex. Crim. App. Aug. 25, 2010) (an earlier proceeding in this case in which the court of criminal appeals declined to reform a judgment). We have not found any cases where the Texas Court of Criminal Appeals has ruled on the issue of whether a court may assess consecutive sentences following a guilty plea entered pursuant to a plea bargain in which the parties agree to consecutive sentences. Likewise, it is not absolutely clear, although it certainly appears, that the present cases were formally consolidated for a single trial but it is possible the cases were "tried" as individual matters for each plea entered. Nevertheless, for the sake of argument this court will assume consolidation and that a court may not assess consecutive sentences following a guilty plea to charges arising under chapter 481 of the Texas Health and Safety Code.

[5] The official judgment form lists 48.134(d) as the offense for which the petitioner was convicted. However, 481.134(d) is actually an enhancement statute. It appears the actual statute petitioner was guilty of violating was 481.112(b), possession with intent to deliver less than 1 gram of a controlled substance in Penalty Group 1, *enhanced* by 481.134(d), which exacerbates punishment of offenses committed in a drug free zone.

under chapter 481). Consequently, section 481.134(h) was not implicated in this case and did not require consecutive sentences. Nonetheless, based upon the erroneous representation of the prosecutor that consecutive sentences were mandated, the trial court applied section 481.134(h) and ordered petitioner's ten year sentence to run consecutively.[6] As a result, it certainly appears the state trial court misapplied Texas statutory law when cumulating the sentences.

### Concurrent Sentences Required

At the time petitioner entered his guilty pleas, section 481.132(d) of the Texas Health and Safety Code provided:

> (a) In this section, "criminal episode" means the commission of two or more offenses under this chapter under the following circumstances:
>
> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme, plan, or continuing course of conduct; or
> (2) the offenses are the repeated commission of the same or similar offenses.
>
> . . .
>
> (d) If the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which the accused has been found guilty shall be pronounced, and those sentences run concurrently.

Because (we assume for the sake of argument) the State elected to jointly prosecute petitioner's deferred adjudication revocation and three delivery cases arising out of the same criminal episode[7], both the state and the trial court were bound by 481.132(d) of the Texas

---

[6] The prosecutor did not state that consecutive sentences were required by the plea bargain. Instead he stated "that's a drug free zone and that sentence must run consecutive."

[7] While the initial deferred adjudication for methamphetamine is not *necessarily* a part of the same criminal episode as the three later cocaine deliveries, it is not necessary to our disposition of this case to make that determination. Further, the two year sentence was not challenged in this proceeding.

Health and Safety Code, which required petitioner's sentences to run concurrently. *Williams v. State*, 253 S.W.3d 673, 678 (Tex. Crim. App. 2008). Petitioner's claim that the cumulation order violated Texas law has merit.

Federal Habeas Relief

When there has been a violation of state law or procedure, the proper inquiry on federal habeas review "is to determine whether there has been a constitutional infraction of defendant's due process rights which would render the trial as a whole 'fundamentally unfair.'" *Nelson v. Estelle*, 642 F.2d 903, 906 (5th Cir. Unit A Apr. 1981) (citing *Donnelly v. De Christoforo*, 416 U.S. 637, 645, 94 S. Ct. 1868, 1872, 40 L. Ed. 2d 431 (1974)). Consequently, to obtain relief petitioner must show the proceedings were "fundamentally unfair."

The issue of whether the state court proceedings were "fundamentally unfair" is troublesome. On the one hand, petitioner is serving a ten-year sentence consecutively which he would have been serving concurrently if Texas law had been followed. On the other hand, as a result of his plea bargain, petitioner received an eleven-year sentence for an offense for which he could have received a sentence of up to life (cause number 57,546) and another 11 year sentence for an offense for which he could have received up to 20 years (cause number 58,706). Secondly, it was not part of the plea bargain that the State consolidate these actions so as to allow petitioner to benefit from the one criminal episode concurrent sentencing provision. Not only could the state have required petitioner to plead guilty in separate proceedings or go to trial in separate proceedings, but the prosecutor attested in an affidavit that, had petitioner rejected the plea bargain, he would have sought separate trials on each charge, which would have permitted, but not mandated, that the sentences on every charge for which petitioner was

convicted to be cumulated.[8]  Likewise, petitioner's counsel said in his affidavit that part of the reason for advising petitioner to accept the plea was to avoid separate trials and the possibility of additional cumulation of sentences.  Because petitioner was given a much more lenient sentence than he could have received without the plea bargain, his sentencing was fundamentally unfair.

For the reasons set forth above, the undersigned does not find the cumulation order error so egregious as to constitute a denial of fundamental fairness or to violate the federal constitution.  This ground should be denied.

## VI
## EFFECTIVE ASSISTANCE OF COUNSEL

By his second ground, petitioner claims his trial counsel was ineffective because trial counsel advised petitioner that the sentences in his cases would be required to run consecutively and there was no option for the sentences to run concurrently.

The proper standard for judging petitioner's contention is enunciated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).  Under the two-pronged *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial.  *Id.* at 687, 104 S.Ct. at 2064.  An attorney's performance was deficient if the attorney made errors so serious he or she was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution.  *Id*.  That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession.  A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within

---

[8]The prosecutor attested in relevant part: "I stated in very clear terms that if Mr. Campbell refused that offer the state would demand a separate hearing in 55,326-E and separate trials in each of the other cause numbers . . ."

the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. Strategic choices made after a thorough investigation of both the law and facts are "virtually unchallengeable." *Id.* at 690-91, 104 S. Ct. at 2066. This is a heavy burden which requires a "substantial," and not just a "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S.__, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011); *see also Cullen v. Pinholster*, 563 U.S.__, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011).

Additionally, a petitioner must show counsel's deficient performance prejudiced the defense. Specifically, to prove prejudice a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir.1993). In order to satisfy the "prejudice" requirement, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed. 2d 203 (1985). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069.

When a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law,

and presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* __ U.S.___, 134 S.Ct. 10, 187 L. Ed. 2d 348 (2013). The absence of evidence cannot overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" and cannot establish that performance was deficient. *Id.* Petitioner Campbell's ineffective assistance of counsel claim was adjudicated on the merits in a state court proceeding and the denial of relief was based on a factual determination and will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 1029 (2003). A state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Burt*, 134 S. Ct. at 15. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill v. Johnson*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d at 472; *Singleton*, 178 F.3d at 384 (recognizing this Texas state writ jurisprudence).

It appears from the affidavits submitted in the state habeas proceeding that petitioner's trial counsel and the state prosecutor were both laboring under the misapprehension that, if the cases were tried separately and petitioner were convicted, consecutive sentences would be mandated. As the state notes in its brief at page 22, consecutive sentences would be optional at the discretion of the court, rather than mandatory. TEX. CRIM. PRO. ANN. art. 42.08(a) (West

2009). It appears, then, petitioner was misinformed of the law applicable to his sentencing. A reasonably competent attorney would investigate the law applicable to their client's sentencing and use reasonable professional judgment to assess that law's applicability to the particular case. *See Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. Because petitioner's counsel relied on the prosecutor's incorrect statement of the law when he advised petitioner, the state court's finding that counsel was effective is arguably erroneous. This court, however, does not need to reach the question of whether the state court finding was "objectively unreasonable" because petitioner has not shown counsel's ineffectiveness, if counsel was ineffective, caused prejudice.

In order to satisfy the prejudice prong, petitioner must demonstrate that but for counsel's ineffectiveness, there is a reasonable probability that, petitioner would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. at 59, 106 S.Ct. at 370. Here, the plea bargain arguably represents the best outcome for petitioner. As the state prosecutor attested, if petitioner had not accepted the plea bargain, he would have been tried in separate trials and faced the possibility of a longer overall sentence. He received sentences in the middle of the sentencing range on two of his charges and three of the sentences are running concurrently. Petitioner's contention that if the law had been applied correctly he would have received concurrent sentences on all charges is without merit because the prosecutor offered a plea bargain on the specific condition that the ten-year sentence run consecutively. This is not a case where a petitioner is mistakenly given a sentence longer than what he agreed to. Petitioner was offered and agreed to what amounts to a 21 year sentence. If the prosecutor had been so inclined, he could have simply had petitioner agree to a 21 year sentence on the more serious narcotics distribution charge. While the cumulation was based on a misinterpretation of state

law, the same result could have been arrived at in the proper way, and the evidence supports the prosecutor's contention that he would have insisted on a 21 year plea-bargained sentence in any event, or would have separately tried all of the cases.

Petitioner seeks a remedy the federal court cannot grant. Petitioner would like this court to reform the judgment so that all sentences run concurrently. If relief were granted, this court would be limited to remanding the case to the state trial court where petitioner would be allowed to withdraw his plea and try the cases again, likely in separate trials, and where petitioner would face the possibility of longer sentences.

In any case, petitioner has not alleged facts that prove he would have turned down the plea agreement and insisted on going to trial if he had been properly advised. *See Hill v. Lockhart*, 474 U.S. at 59, 106 S.Ct. at 370. He has limited his complaint to a request for concurrent sentences, a remedy that is not available to him. As such, petitioner has not shown that the result of the proceeding would have been different but for his trial counsel's ineffective assistance.

Petitioner has failed to show prejudice significant enough to overturn his guilty plea. Petitioner's second ground should be denied.

## V.
## RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus relief. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that GROUND ONE in the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner IKENO JUAN COLBY CAMPBELL be DISMISSED as unexhausted and that GROUND TWO be DENIED on the merits.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of February 2014.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).